52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ubaldo Ruezga PADILLA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70911.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1995.
Decided April 21, 1995.
 
 Before: TANG, SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Ubaldo Ruezga-Padilla, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his application for waiver of excludability pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a)(1), and we deny the petition.
 
 
 3
 "We review the BIA's balancing of the equities for section 212(c) relief for an abuse of discretion. We may set aside the BIA's denial of section 212(c) relief only if the Board failed to support its conclusion with a reasoned explanation based upon legitimate concerns." Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (internal quotations and citations omitted).
 
 
 4
 * Petitioner contends the BIA erred in balancing the equities in determining his eligibility for a waiver of excludability. Specifically, he argues the BIA failed to properly consider: 1) his length of residence in the United States; 2) the hardship his family would suffer if he were deported; and 3) the evidence indicating that he was rehabilitated. We disagree.
 
 
 5
 The IJ engaged in a thorough balancing of all equities both for and against Petitioner in determining whether he warranted discretionary relief under section 212(c). The BIA agreed with and adopted the IJ's evaluation of the discretionary factors. We therefore review the IJ's decision. Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993).
 
 
 6
 First, the IJ found that Petitioner entered the United States in 1963, when he was three years of age. The IJ expressly stated that his "residence of long duration which began when he was of relatively young age" was a favorable consideration. Second, the IJ found that Petitioner's mother and father, seven siblings, and an indeterminate number of nieces and nephews were currently residing in the United States as United States citizens or lawful permanent residents. The IJ considered these family ties to be a favorable consideration. The IJ did offset this equity by noting that because Petitioner had no assets and no community ties, the hardship to any family members would not be extreme.
 
 
 7
 Petitioner failed to present any evidence, other than general disagreement with the outcome of the case, to suggest these findings were unreasonable or in error. Significantly, we note that in spite of the great hardship Petitioner alleges his deportation would inflict on his family, not a single family member was present to testify on his behalf at the hearing before the Immigration Judge. Furthermore, the IJ did not view the hardship to Petitioner's family solely in terms of dollars as Petitioner suggests. The IJ merely noted that Petitioner's lack of assets indicated that hardship to his family would not be extreme. This was not an abuse of discretion.
 
 
 8
 Finally, as to the issue of rehabilitation, the BIA stated "we share the immigration judge's doubts that the respondent had been rehabilitated." The IJ found that Petitioner was twice convicted of forgery in 1979; convicted for possession of heroin in 1981; admitted to snorting cocaine at about the same time deportation proceedings were initiated against him; violated parole in 1988; and had been arrested eight or nine times for fighting and resisting arrest. The IJ noted that Petitioner had not enrolled in Narcotics Anonymous or any other drug counseling program and that he did not belong to any community groups. Although Petitioner testified he had been attending church for about a year, he could not remember the name of the church.
 
 
 9
 In Petitioner's favor, the IJ did consider a letter from Father Olmos, dated January 29, 1989, stating he believed Ruezga-Padilla was serious about his rehabilitation, as well as Petitioner's own testimony that he was consulting with someone about his drug problem. Nevertheless, the IJ concluded Petitioner failed to establish he was rehabilitated.
 
 
 10
 The BIA agreed with the IJ's conclusion noting "the pattern of criminal conduct that [Petitioner] had demonstrated over a long period of time" and "[his] history of drug use and the fact that he had used drugs within a year of the hearing."
 
 
 11
 Petitioner made no argument before the BIA to suggest the IJ's decision was in error beyond the bald statement that he was rehabilitated. Likewise, his only contention before this Court is that "[s]ince at least early 1988, he has been free of narcotics and drugs, and the extreme equities present in this case give him every incentive to continue his progress in rehabilitation."[1] This falls far short of showing the BIA abused its discretion.
 
 II
 
 12
 Because the BIA's conclusion that Petitioner did not warrant discretionary relief pursuant to section 212(c) was supported by "a reasoned explanation based on legitimate concerns," this petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner contends for the first time at oral argument that both the IJ and the BIA erred by automatically treating his conviction for possession of heroine as a very serious drug offense. See Elramly v. INS, No. 93-70369, slip op. 2441 (9th Cir. March 2, 1995). Petitioner's reliance on Elramly is misplaced. The IJ's requirement that Petitioner make a showing of unusual or outstanding equities was not based on Petitioner having committed a very serious drug offense, but rather was based on the succession of criminal acts committed by Petitioner. In fact, neither the IJ nor the BIA ever characterized Petitioner's conviction for possession of heroine as a "very serious drug offense."